## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK GARDNER,                )
                                )
            Petitioner,          )
                                )
      v.                         )       1:17CV83
                                )
ERIC A. HOOKS,                   )
                                )
            Respondent.          )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On January 16, 2014, in the Superior Court of Rowan County, a jury found Petitioner guilty of one count of failure to register as a sex offender and one count of violation of sex offender residential restrictions in case 13 CRS 53450. See State v. Gardner, 237 N.C. App. 496, 497, 769 S.E.2d 196, 197 (2014). Petitioner subsequently admitted his habitual felon status in case 13 CRS 2785. Id. The trial court consolidated those convictions and sentenced Petitioner to one Class C habitual felon sentence in the presumptive range of 88 to 118 months' imprisonment.

Petitioner appealed (see Docket Entry 2, ¶¶ 8, 9), and, on December 2, 2014, the North Carolina Court of Appeals concluded, by published opinion, that Petitioner "received a trial free from error," Gardner, 237 N.C. App. at 497, 769 S.E.2d at 197.

Petitioner did not thereafter petition the North Carolina Supreme Court for discretionary review.[1]

Petitioner, however, did file a pro se motion for appropriate relief ("MAR") in the Rowan County Superior Court on October 6, 2015 (see Docket Entry 2, ¶ 9(g); Docket Entry 6-4 at 2 (order denying MAR giving date of MAR)),[2] which that court summarily denied on October 13, 2015 (Docket Entry 6-4 at 3).[3] Petitioner subsequently filed a pro se certiorari petition with the North Carolina Court of Appeals on December 8, 2015 (see Docket Entry 2, ¶ 11(a)(1)-(5); Docket Entry 6-5 at 2 (order denying certiorari petition giving date of petition)),[4] which that court denied on December 21, 2015 (Docket Entry 6-5 at 2; see also Docket Entry 2, ¶ 11(a)(7), (8)).[5]

Petitioner subsequently signed his instant Petition, under penalty of perjury, and dated it for mailing on January 18, 2017

---

[1] Although Petitioner checked the box for "Yes" in regards to whether he sought "further review" on direct appeal after the North Carolina Court of Appeals denied relief (Docket Entry 2, ¶ 9(g)), his additional responses regarding the nature of any such pursuit of further review on direct appeal confirm that Petitioner actually next commenced state collateral proceedings rather than petitioning the North Carolina Supreme Court for discretionary review (see id., ¶ 9(g)(1)).

[2] The record does not contain a copy of Petitioner's MAR.

[3] Throughout this document, pin citations refer to the page numbers that appear in the footer appended to documents upon their docketing in the CM/ECF system.

[4] Petitioner mistakenly identified the North Carolina Supreme Court, rather than the North Carolina Court of Appeals, as the court in which he filed his certiorari petition. (See Docket Entry 2, ¶ 11(a)(1).)

[5] The record does not contain a copy of Petitioner's certiorari petition.

(see Docket Entry 2 at 10), and the Clerk of Court stamped and filed the Petition on January 27, 2017 (see id. at 1).[6]

Respondent moved to dismiss the Petition on grounds of untimeliness (Docket Entries 5, 6), Petitioner responded in opposition (Docket Entry 8), and Respondent replied (Docket Entry 9). Following Respondent's reply, Petitioner filed two letters addressed to the Court providing further argument and evidence in support of his position that he filed the instant Petition in a timely manner. (Docket Entries 10, 11.)[7] For the reasons that follow, the Court should grant Respondent's instant Motion, because Petitioner submitted his Petition outside of the one-year limitations period.

### **Petitioner's Claims**

The Petition raises two grounds for relief: (1) the "State [d]id in fact [e]rr in [a]dmitting GPS [d]ata and [r]eports" (Docket Entry 2 at 3); and (2) the "State violated [Petitioner's] Co[n]stitutional rights as Award [sic] of the State" (id. at 4).

---

[6] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on January 18, 2017, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities.

[7] Petitioner did not obtain leave of Court to file these additional documents. (See Docket Entries dated Apr. 6, 2017, to the present.) However, as explained in the subsequent discussion of the Petition's timeliness, consideration of the substance of those unauthorized documents does not alter the conclusion that the statute of limitations bars the instant Petition.

**Discussion**

Respondent moves to dismiss the Petition as filed outside of the one-year limitations period, see 28 U.S.C. § 2244(d)(1). (See Docket Entry 6 at 3-9.) In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must determine timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Neither Petitioner nor

4

Respondent contend that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 2, 6, 8, 9, 10, 11.) Thus, the undersigned must decide when, under subparagraph (A), the statute of limitations commenced.

Under subparagraph (A), Petitioner's conviction became final on January 6, 2015 – the final day on which he could have filed notice of appeal or a petition for discretionary review in the North Carolina Supreme Court, regarding the North Carolina Court of Appeal's decision on December 2, 2014. See N.C. R. App. P. 14(a) (requiring notice of appeal within 15 days after Court of Appeals issues mandate), 15(b) (requiring filing of petition for discretionary review within 15 days after Court of Appeals issues mandate), 32(b) (stating that mandate shall issue 20 days after filing of opinion unless court orders otherwise); see also Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a petitioner's case becomes final when the time for pursuing direct review expires); Saguilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004) (holding that the petitioner's conviction finalized 35 days after Court of Appeals issued opinion where the petitioner did not file petition for discretionary review), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005).

Petitioner's one-year period then ran, unimpeded, for 273 days from January 6, 2015, until October 6, 2015, the date the Superior Court of Rowan County stamped as filed Petitioner's MAR (see Docket

5

Entry 6-4 at 2). The limitation period remained tolled until December 21, 2015, when the Court of Appeals denied Petitioner's certiorari petition seeking review of the MAR's denial (see Docket Entry 6-5 at 2), and then ran, unimpeded, for 92 more days until its expiration on March 22, 2016. Petitioner did not submit the instant Petition to prison authorities until January 18, 2017 (see Docket Entry 2 at 10), 302 days out of time.

In Petitioner's response in opposition to Respondent's motion to dismiss, Petitioner sets forth a timeline of events involving his attempts to file a petition for a writ of habeas corpus in this Court beginning on November 29, 2016. (See Docket Entry 8; see also Docket Entries 10, 11 (providing additional arguments and evidence).) Petitioner apparently contends that such a timeline demonstrates that he timely filed the instant Petition because he acted less than one year after the Court of Appeals denied his certiorari petition on December 21, 2015. (See Docket Entry 11 at 1 (arguing "that as of Dec[ember] 21st 2016 my [petition for a writ of habeas corpus] would have been appropriate, but as it was submitted the 17th of Nov[ember] 2016[,] [i]t was not late but [two weeks] early"); see also Docket Entry 10 at 1 ("This letter comes to [the Court] with proof of my [petition for a writ of habeas corpus] which [Petitioner] sent out to the Courts at a[n] applicable one year timely period."); Docket Entry 2, ¶ 18 ("This

Petition was filed within one year of my [petition for a writ of] certiorari[.]").)

Petitioner's contentions overlook the 273 days the limitations period ran from January 6, 2015, the date Petitioner's convictions finalized on direct review, and October 6, 2015, the date the Superior Court of Rowan County stamped as filed Petitioner's MAR (see Docket Entry 6-4 at 2). Thus, even if Petitioner had properly filed the instant Petition in this Court as early as November 29, 2016, the statute of limitations would still bar the Petition, because the limitations period had expired over eight months earlier on March 22, 2016.

A court can equitably toll the one-year limitations period. See Holland v. Florida, 560 U.S. 631, 634 (2010). Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. Id. at 649. Equitable tolling involves a case-by-case analysis. Id. at 649-50. Here, however, Petitioner did not advance any basis by which the doctrine of equitable tolling might save the claims in the Petition, despite the notice on the form he used to submit the Petition that, "[i]f [his] judgment of conviction became final over one year ago, [he] must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] [P]etition." (Docket Entry 2, ¶ 18.)

In sum, the statute of limitations bars the instant Petition.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be granted, that the Petition (Docket Entry 2) be denied, and that a judgment be entered dismissing this action, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 26, 2017